quinn emanuel trial lawyers | washington, dc
1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8123**

October 17, 2022

**<u>VIA CM/ECF</u>**

Colonel Peter R. Marksteiner
Clerk of the Court
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW, Suite 401
Washington, DC 20439

Re: <u>ADASA, Inc. v. Avery Dennison Corp., No. 22-1092, Rule 28(j) Letter</u>

Dear Colonel Marksteiner:

Appellant Avery Dennison Corp. respectfully writes pursuant to Rule 28(j) to address a precedential decision that this Court issued last Thursday in *Weisner v. Google LLC*, No. 2021-2228.

Following a Rule 12(b)(6) dismissal based on Section 101 of the Patent Act, the panel in *Weisner* agreed that all asserted claims were abstract at step one of *Alice*. Op. 17, 20. In this case, by contrast, the district court upheld the claim under Section 101 solely because it ruled the claim *non*-abstract at step one. Blue Br. 11-12. *Weisner* confirms the error below by reaffirming that, while "claims purporting to improve 'the functioning of the computer system itself' or 'an existing technological process' might not be directed to an abstract idea," Op. 15 (quoting *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208, 225 (2014); *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)), "[a]utomization or digitization of a conventional method of organizing human activity … on a computer does not bring the claims out of the realm of abstractness." Op. 16. The same principle should be dispositive here. *See* Gray Br. 8-15; Blue Br. 1-2.

*Weisner* also highlights why the instant claim is not saved at step two of *Alice*: At the pleading stage, claiming "a specific implementation of the abstract idea that purports to solve a problem unique to the Internet" can suffice. Op. 20. But ADASA has never identified a separate inventive step beyond repeating the idea behind the claim. *See* Gray Br. 14; Red Br. 30-31.

Finally, by reaching different results for different claims even where "the specifications in all four patents are the same," *Weisner* confirms that the claim controls over the specification. Op. 19. Here, ADASA relies on the *specification*'s discussion of creating unique RFID tags "without the need for realtime wireless connectivity" (Red Br. 21-22), despite persuading the district court that the *claim* does *not* require quasi-autonomous encoding (Blue Br. 34, Gray Br. 9-10). Because

"the purported benefit … is not captured in the claims," it "does not shift the focus of the claims away from the abstract idea." Op. 17.

Respectfully submitted,

*/s/ Derek L. Shaffer*
Derek L. Shaffer

Counsel for Appellant Avery Dennison Corporation